```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA           :     PRELIMINARY ORDER OF
                                   :     FORFEITURE AS TO SPECIFIC
      - v. -                       :     PROPERTY/
                                   :     MONEY JUDGMENT
CARLOS ESPINAL,                    :
                                   :     S1 19 Cr. 622 (DLC)
            Defendant.             :
                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about February 5, 2020, CARLOS ESPINAL, (the "defendant"), was charged in a one-count Superseding Information, S1 19 Cr. 622 (DLC), (the "Information"), with conspiracy to distribute and possess with intent to distribute (a) 400 grams and more of mixtures and substances containing a detectable amount of fentanyl; (b) one kilogram and more of mixtures and substances containing a detectable amount of heroin; and (c) five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 846 (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information that the defendant personally obtained;

WHEREAS, on or about August 22, 2019, the Government seized $8,000 in United States currency from the defendant's residence in Queens, New York pursuant to a search warrant (the "Specific Property");

WHEREAS, on or about February 5, 2020, the defendant pled guilty to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the offense described in Count One of the Information, as well as any property used or intended to be used to facilitate the commission of the offense alleged in Count One of the Information;

WHEREAS, the Government asserts that $12,000 in United States currency represents property constituting, or derived from proceeds traceable to the commission of the offense charged in Count One of the Information that the defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $12,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of the defendant of all his right, title and interest in the Specific Property, which constitutes proceeds traceable to the offense charged in Count One of the Information, that the defendant personally obtained;

WHEREAS, the Court finds that, as a result of acts and/or omissions of the defendant, the proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, a money judgment in the amount of $12,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Information that the defendant personally obtained, shall be entered against the defendant.

2. As a result of the offense charged in Count One of the Information, to which the defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the defendant, CARLOS ESPINAL, and shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Customs and Border Protection is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

Case 1:19-cr-00622-DLC   Document 43   Filed 08/06/20   Page 6 of 6
Case 1:19-cr-00622-DLC   Document 40-1   Filed 07/31/20   Page 7 of 7

14. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____
HONORABLE DENISE L. COTE
UNITED STATES DISTRICT JUDGE

Date: August 6, 2020