```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :     19CR00622 (DLC)
            -v-                          :
                                         :
CARLOS ESPINAL,                          :     MEMORANDUM OPINION
                                         :          AND ORDER
                  Defendant.             :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

Carlos Espinal has requested compassionate release under Title 18, United States Code, Section 3582(c)(1)(A). His request is denied.

On August 7, 2020, Espinal pled guilty to one count of conspiracy to distribute and possess with intent to distribute fentanyl, heroin, and cocaine in violation of 21 U.S.C. § 841(b)(1)(A). On November 18, 2021, this Court sentenced Espinal principally to a 60-month term of imprisonment. He is currently incarcerated at the Federal Correctional Institution, Hazelton. His projected release date is November 24, 2023.

A court may grant compassionate release to an inmate if the inmate has exhausted his administrative remedies by requesting compassionate release from his warden, and if there are "extraordinary and compelling reasons" warranting a reduced sentence. District courts may "independently . . . determin[e] what reasons . . . are extraordinary and compelling" for the

purpose of the compassionate release determination. <u>United States v. Brooker</u>, 976 F.3d 228, 234 (2d Cir. 2020) (citation omitted). Although a court has broad discretion to consider what circumstances might qualify as extraordinary and compelling, "rehabilitation <u>alone</u> shall not be considered an extraordinary and compelling reason." <u>Id.</u> at 238 (quoting 28 U.S.C. § 994(t)).

If a court concludes that the petitioner has presented "extraordinary and compelling reasons" for compassionate release, it must also weigh the 18 U.S.C. § 3553(a) sentencing factors before awarding compassionate release. Even if the court concludes that the petitioner has not presented the requisite extraordinary and compelling reason for compassionate release, the Second Circuit has recommended that the court should also assess if the § 3553(a) sentencing factors weigh in favor of granting compassionate release. <u>United States v. Jones</u>, 17 F.4th 371, 374-75 (2d Cir. 2021).

On June 9, 2022, Espinal submitted a request for his Warden to submit a motion for the reduction of his sentence. Accordingly, Espinal has satisfied § 3582(c)(1)(A)'s administrative exhaustion requirement, and the Court may consider his request.

Espinal has not presented "extraordinary and compelling reasons" warranting a reduced sentence. 18 U.S.C. §

2

3582(c)(1)(A)(i).  Espinal states that he has been diagnosed with a medical condition that puts him at heightened risk of contracting COVID-19.  Medical records that Espinal submitted in connection with his motion, however, do not evince any such diagnosis.  Espinal is fully vaccinated, and he presents no evidence or argument to suggest that his prior COVID-19 infections have been especially dangerous.  Additionally, the pandemic and risk of COVID-19 infection do not present "extraordinary and compelling" circumstances for Espinal, because he was sentenced during the pandemic.  The Court considered the impact of the pandemic on the conditions of Espinal's confinement at sentencing, imposing a sentence below the guidelines range "principally because of the conditions of confinement the defendant has and . . . will suffer due to the COVID-19 pandemic."

Espinal further cites as "extraordinary and compelling circumstances" the need to care for his ill mother.  Although her illness is unfortunate, Espinal's mother has the assistance of her husband and a professional caregiver.  Espinal also argues that a sentence reduction is justified because he is subject to a detainer from Immigration and Customs Enforcement.  But removal proceedings against non-citizens convicted of a deportable offense are provided by statute, 8 U.S.C. § 1228(a), and do not constitute extraordinary or compelling reasons for a

3

reduction in sentence. Finally, Espinal points to the substantial efforts he has made toward rehabilitation. But the other factors that Espinal cites do not provide sufficient justification for release, and rehabilitation standing alone cannot justify a reduction in Espinal's sentence. See Booker, 976 F.3d at 238.

Additionally, Espinal appears to argue that his sentence should be reduced because he has not been awarded certain "good time credits" to which he believes he is entitled. Espinal must raise his concerns about the award of good time credits with the Bureau of Prisons. The Bureau of Prisons is responsible for calculating his good time credits and determining his projected release date. A motion for compassionate release is not the correct vehicle in which to challenge that determination.

Even if Espinal had presented an extraordinary and compelling circumstance for compassionate release, the § 3553(a) sentencing factors would weigh against it. Espinal was convicted of distributing kilograms of cocaine, heroin, and fentanyl. The Court noted at sentencing the sustained and serious nature of the defendant's criminal activity. Nevertheless, the Court imposed a 60-month term of imprisonment, below the U.S. Sentencing Guidelines range for Espinal's conviction. No further reduction of the sentence is warranted. Accordingly, it is hereby

ORDERED that Espinal's motion for compassionate release and appointment of counsel is denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Espinal a copy of this Order and note mailing on the docket.

SO ORDERED:

Dated:   New York, New York
         December 16, 2022

                                        _____
                                             DENISE COTE
                                        United States District Judge